IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN LEE ROWLES,  )
          Plaintiff,  )
          -vs-  )   Civil Action No. 16-74
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
          Defendant.  )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

## **I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("BID") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since May 15, 1997. (ECF No. 6-5, p. 7). Administrative Law Judge ("ALJ"), Charles Pankow, held a hearing on March 10, 2014. (ECF No. 6-2, pp. 40-60). On September 17, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 23-35).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 6 and 8). The issues are now ripe for review.

---

1 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing of medical opinions</u>

Plaintiff's first argument is that the ALJ erred by failing to adequately explain why he rejected the opinion of consulting physician, Dennis P. Clark, D. Ed. (ECF No. 9, pp. 5-7). If credited, Plaintiff argues, then Plaintiff would be disabled. *Id.* Therefore, Plaintiff submits that reversal is warranted. After a careful review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations,

3

such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave Dr. Clark's opinion little weight. (ECF No. 6-2, pp. 29-31). Specifically, the ALJ afforded Dr. Clark's opinion little weight because it was "inconsistent with his own findings, the other clinical findings of record, and with other substantial evidence. His limitations are unsupported by contemporaneous evaluations, and are inconsistent with totality of the medical evidence of record. Significantly, the record shows no formal mental health treatment of record other than a prescription from a physician. Dr. Clark confirmed the claimant has never received any type of mental health treatment (Exhibit 3F). Also, the record does not reflect suicidal ideation as reported by Dr. Clark." (ECF No. 6-2, p. 31). These are valid and

4

acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).[2] Based on the same I am able to conduct a proper and meaningful review. I find the reasons given by the ALJ in weighing Dr. Clark's opinion were sufficiently explained and supported by substantial evidence of record. (ECF No. 6-2, pp. 29-33). Therefore, I find the ALJ did not err in this regard. Consequently, reversal is not warranted on this basis.

Similarly, Plaintiff argues that the ALJ erred by failing to adequately explain why he rejected the opinion of consulting physician, Carlos A. Wiegering, M.D. (ECF No. 9, pp. 7-9). Plaintiff suggests that the ALJ "ignored" Dr. Wiegering's opinion that Plaintiff is limited to lifting no more than 20 pounds, which Plaintiff submits is consistent the opinion of Dr. Caramanna, M.D., the state agency medical consultant. *Id.* at p. Therefore, Plaintiff submits that reversal is warranted. Again, after a careful review of the evidence, I disagree.

Contrary to Plaintiff's position, the ALJ did not ignore Dr. Wiegering's opinion regarding Plaintiff's weight restrictions. Rather, the ALJ considered the same and rejected it because "there is no evidence that the claimant is unable to lift up to 50 pounds occasionally during the day which is more consistent with the ability to perform medium, as compared to light, exertional activity….[Thus,] clinical and diagnostic studies regarding light exertion…are inconsistent with the totality of the evidence." (ECF No. 6-2, p. 33). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).

Plaintiff points to Dr. Caramanna's opinion as evidence that Plaintiff was limited to lifting only 20 pounds occasionally. (ECF No. 9, p. 8). The ALJ considered the same, however, and

---

[2]Plaintiff seems to support his argument by suggesting that Dr. Clark's opinion is consistent with other medical evidence. To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

gave it only some weight. (ECF No. 6-2, p. 33). Plaintiff does not assert that the ALJ erred in weighing Dr. Caramanna's opinion, nor does Plaintiff point to any other evidence of record indicating that he was limited in lifting. (ECF No. 9, pp. 8-9). Therefore, I find Plaintiff's reliance on Dr. Caramanna's opinion to be unpersuasive.

Based on the above, I find that the ALJ did not err in failing to adequately explain why he rejected the opinion of consulting physician, Carlos A. Wiegering, M.D. Consequently, reversal is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALAN LEE ROWLES,                )
                                )
        Plaintiff,              )
                                )
  -vs-                          )    Civil Action No.  16-74
                                )
NANCY A. BERRYHILL,[3]          )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
        Defendant.              )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 7th day of February, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 8) is denied and Defendant's Motion for Summary Judgment (Docket No. 10) is granted.

                                BY THE COURT:

                                s/  Donetta W. Ambrose
                                Donetta W. Ambrose
                                United States Senior District Judge

---

3 Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.